UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN A. HARDY<br>    Plaintiff, | ]<br>]<br>] |
| v. | ] No. **3.07 1035**<br>] JUDGE HAYNES |
| LT. ARMSTRONG, et al.<br>    Defendants. | ]<br>] |

## M E M O R A N D U M

Plaintiff, Kevin A. Hardy, an inmate at the Montgomery County Jail in Clarksville, Tennessee, filed this *pro se* action under Title VI of the Civil Rights Act of 1964 against the Defendants: Lt. Armstrong, Cpt. Tackett and Sgt. Lee, members of the staff at the Montgomery County Jail. Plaintiff seeks injunctive relief and damages for alleged violations of his Eighth Amendment rights

Plaintiff's complaint challenges certain conditions of his confinement at the Montgomery County Jail. More specifically, Plaintiff alleges that inmates are not given enough soap to bathe a daily basis. In addition, Plaintiff alleges that inmates should have access to shaving cream, mirrors and a panic button in each cell.

The defendants are sued in their official capacities only. In essence, then, the Plaintiff's claims are against Montgomery County, the municipal entity that operates the Montgomery County Jail. Kentucky v. Graham, 473 U.S. 159, 166 1985).

A prisoners' Eighth Amendment rights includes the government's obligation to provide the necessities of life, basic hygiene and a hygienic environment. As the Sixth Circuit stated:"We recognize that a deprivation of the basic necessities of life, e.g., food, shelter, clothing, by prison officials would undoubtedly be a violation of an inmate's Eighth Amendment right to be free from cruel and unusual punishment." Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir. 1984). As the late Honorable L. _Clure Morton stated in <u>Grubbs v. Bradley</u>, 552 F.Supp. 1052 (M.D. Tenn. 1982):

> The Eighth Amendment clearly requires states to furnish its inmates with "<u>reasonably adequate</u> food, clothing, shelter, <u>sanitation</u>, medical care, and personal safety." Those areas are generally considered as the "core" areas entitled to Eighth Amendment protections. They are the basic necessities of civilized life, and are, during lawful incarceration for conviction of a crime, wholly controlled by prison officials. Inmates must necessarily rely upon prison officials and staff to ensure that those basic necessities are met.
>
> <u>A corollary to the state's obligation to provide inmates with constitutionally adequate shelter is the requirement of minimally adequate living space that includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing)."</u>

<u>Id</u>.at 1122 (emphasis added) (citations omitted).

Mor recently for a claim of unconstitutional conditions of confinement, the Supreme Court stated that:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement <u>unless the official knows of and disregards an excessive risk to inmate</u>

2

<u>health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>. . . . An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. . . . But <u>an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment</u>.

\* \* \*

. . . [O]ur "cases mandate inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." . . . Eighth Amendment suits against prison officials must satisfy a "subjective" requirement.

<u>Farmer v. Brennon</u>, 511 U.S. 825, 837-38 (1994) emphasis added).

Here, Plaintiff's claim is not for the denial of soap, but the adequacy of the soap provided. The Court is unaware of any court holding that shaving cream, mirroRs and panic buttons are required by the Eighth Amendment. Plaintiff has not alleged any injury as a result of the alleged lack of these items or that the lack of these items poses a serious risk of danger or caused any harm to him. Absent a personal injury, Plaintiff fails to state a claim for relief. <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 51 (1991).

In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915A(b)(1).

An appropriate order will be entered.

3